# Lovejoy *v.* City of Montgomery.

### *Violating Municipal Ordinance.*

(Decided June 19, 1912.   Rehearing granted February 13, 1913.
61 South. 600.)

*Constitutional Law; Subject; Embraced in Title.*—Section 6,
Acts 1911, p. 54, is not violative of section 45, Constitution 1901.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

T. E. Lovejoy was convicted of violating a municipal
ordinance of the city of Montgomery, prohibiting the
engaging in the banking business without first obtaining
a municipal license therefor, and he appeals.   Reversed
and rendered.

BALL & SAMFORD, STEINER, CRUM & WEIL, and RAY
RUSHTON, for appellant.   Section 6 of the Acts of 1911,
p. 54, places a limitation upon municipalities as to
licenses imposed upon banking institutions, such as the
bank here involved.   It is insisted by the city that said
section of said act is violative of section 45 of the Con-
stitution, and that therefore, the city might disregard
it, and impose such license as they saw fit within their
municipal powers.   It is only where there is a clear
violation of the Constitution that the court will declare
an act invalid, and the presumption is always indulged
that the act is valid.—*A. C. S. v. Reid,* 124 Ala. 252.
The act is not violative of section 45.—*City v. Street,*
117 Ala. 208; *Hamm v. The State,* 156 Ala. 645; *Bell v.
State,* 115 Ala. 87; *Lindsey's Case,* 120 Ala. 156; *Jack-
son v. State,* 136 Ala. 96; *State ex rel. v. Griffin,* 132
Ala. 47; *Rayford v. Faulk,* 154 Ala. 285; *Mobile T. Co.*

*v. City of Mobile,* 128 Ala. 335; *White v. Burgin,* 113 Ala. 170; *Montgomery v. Birdsong,* 126 Ala. 647; *Winter v. Sayre,* 118 Ala. 1; *Ballentine v. Wickersham,* 75 Ala. 536. It is also a familiar principle that a part of an act may be stricken, and if the act remains complete and capable of execution, it will be upheld.—*Yerby v. Cochran,* 101 Ala. 541.

JOHN V. SMITH, and R. B. EVINS, for appellee. It is conceded that so much of section 6 of the act in question as provides for the defraying of the necessary expenses of the banking department is cognate to the title of the act, and therefore, valid, and it is insisted that it is distinct from the other clause of the section, and even if the clause relating to municipal charges should be declared unconstitutional that it would not affect the former clause.—*M. & O. R. R. Co. v. The State,* 29 Ala. 573; *Lowndes County v. Hunter,* 49 Ala. 507; *Woolf v. Taylor,* 98 Ala. 254; *State v. Hartford I. Co.,* 99 Ala. 221; *Sheehan v. Bailey,* 110 Ala. 308. It is insisted, however, that the clause of the act limiting municipal licenses is in no way connected, expressly or impliedly with the subject expressed in the title, and is therefore, void, and if void, that the municipal ordinance is valid. —*State ex rel. v. Sayre,* 118 Ala. 1; *Lindsey v. U. S. Ass'n,* 120 Ala. 156; *A. G. S. v. Reid,* 124 Ala. 252; *Randolph v. Painters Co.,* 106 Ala. 501; *State ex rel. v. Burgin,* 113 Ala. 170; *Ex parte Gayle,* 108 Ala. 514; *Woolf v. Taylor, supra; Hooper v. State,* 109 Ala. 32.

PELHAM, J.—The appellant, as president of the Montgomery Bank & Trust Company, a banking institution under the laws of the state, was tried and convicted in the recorder's court of the city of Montgomery for the violation of an ordinance of said city imposing

a license tax of $350.00 on said institution, based on its capital, surplus and undivided profits. An appeal was prosecuted from the recorder's judgment to the city court of Montgomery, and on trial had there the defendant was convicted, and brings this appeal.

The case was tried on an agreed statement of facts, and the sole contention is with respect to the validity of the ordinance on which the defendant was tried and convicted. The ordinance in question levies a higher license tax, based on the capital stock, surplus and undivided profits on state banking institutions than is authorized by section 6 of an act of the Legislature approved March 2, 1911, entitled "An Act to create a banking department of the State of Alabama and through this department to regulate, examine and supervise banks and banking, and to punish certain prohibited acts relating thereto."—Acts 1911, p. 50 et seq.

The question of the constitutionality of section 6 of this act creating a banking department was by the judges of this court certified to the Supreme Court under section 1 of an act approved April 18th, 1911 (Acts 1911, p. 449), for determination by that court. It is held by the Supreme Court on the certification of this question (*Lovejoy v. Montgomery,* Ala. Sup. Ct., present term, MS.) that section 6 of the act under consideration (Acts 1911, pp. 54, 55, 56) is violative of section 45 of the Constitution of the State of Alabama.

This section (6) being unconstitutional and void, and the ordinance and conviction under it being attacked alone upon the ground of the restrictions placed upon the municipality by that section of the act creating a banking department of the State, it follows that the judgment of the trial court will be affirmed.

Affirmed.

[Lovejoy v. City of Montgomery.]

ON APPLICATION FOR REHEARING.

PELHAM, J.—The affirmance of the judgment appealed from in this case was grounded on an opinion rendered by the Supreme Court in response to a certification by this court to that court of the constitutional question involved (as will fully appear from the foregoing opinion), and when an application for a rehearing was filed here, our holding being based entirely on the opinion of the Supreme Court, the application was referred to that court.

Upon a consideration of the application for a rehearing, the Supreme Court has withdrawn its former opinion holding section 6 of the act approved March 2, 1911 (Acts 1911, p. 54), unconstitutional and void as violative of section 45 of the Constitution of the state, and has now reached a contrary conclusion, and holds in the opinion substituted for the first opinion that said section 6 of the act does not violate section 45 of the Constitution, and that the same is valid.—*Lovejoy v. City of Montgomery,* Ala. Sup. Court., present term, MS.

Predicating our action on the last ruling of the Supreme Court, the application for a rehearing will be granted, the former order of affirmance set aside, and as the sole question presented by the record is finally disposed of, and the judgment of conviction rendered by the city court under the ruling made by the Supreme Court being unauthorized, it is set aside, and an order will be entered here discharging the defendant.

Reversed and rendered.